UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

      Plaintiff,

v.                                    Case No:  2:21-cv-816-JES-MRM

MARGARET A. SWAIN and
CARLOS A. REY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #5), to which Plaintiff filed a Response (Doc. #16). Defendants seek dismissal of Plaintiff's Complaint due to lack of subject matter jurisdiction and failure to state a claim.  As set forth below, the Court finds that the Complaint (Doc. # 1) fails to contain a plausible federal claim and fails to allege a proper basis for diversity of citizenship.  There is no other basis for a federal court to exercise jurisdiction over the case, and the Court will, in the exercise of its discretion, decline to entertain the state-court claims.  The Complaint is therefore **dismissed without prejudice**.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the Court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the Court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, irrespective of the pleadings, and the Court may consider extrinsic evidence. Id. Defendants makes a facial attack, challenging this Court's jurisdiction based on the allegations in the complaint.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in a complaint as true and take

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

In considering a motion to dismiss under Rule 12(b)(6), a court generally may not look to matters outside the pleadings. Fed. R. Civ. P. 12(d). A district court may consider the allegations in the complaint, and documents attached as an exhibit to the complaint. Fed. R. Civ. P. 10(c). A district court may also consider: a document not attached to the complaint, but which is incorporated by reference in the complaint, Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); a document attached to a motion to dismiss if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged, Day, 400 F.3d at 1276;

3

SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); and a judicially noticed fact. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278-81 (11th Cir. 1999); Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015). Otherwise, consideration of extrinsic evidence requires the Court to convert a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d).

Pro se pleadings are held to a less stringent standard than one drafted by an attorney and are liberally construed. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

## II.

The following facts are taken from the Complaint (Doc. #1) and the documents which the Court may properly consider in determining a motion to dismiss (Docs. ## 1-1 through 1-12). Between April 24, 2019 and July 17, 2019, Crossdale sent multiple public records requests to the Lee County Clerk of Courts, the Department of State (DOS), and the Florida Governor's Office. (Doc. #1, ¶ 14; Docs. ## 1-2, 1-4, 1-6, 1-8, 1-9.) In the requests,

Crossdale sought various bond information connected to certain judicial officers in Lee County, Florida.  (Id.)

The Clerk of Courts and the Governor's Office both responded to Crossdale's requests by stating that neither was the custodian of his requested records and suggesting he try the DOS.  (Docs. ## 1-3, 1-5, 1-7.)  The DOS responded to three different requests from Crossdale, twice indicating it did not have the requested records (Docs. ## 1-10, 1-12), and once producing "commission documents" for two judicial officers (Doc. #1-11).

At the time of Crossdale's requests in 2019, defendants Carlos Rey and Margaret Swain were employees of the DOS in the Office of the General Counsel.  (Doc. #1, ¶ 13.)  Crossdale alleges that defendants fraudulently misrepresented the records in their possession, wrongfully withheld information from him, and damaged plaintiff by not responding or untimely responding to his requests. (See generally, Doc. #1.)  The Complaint asserts five different counts against Rey and Swain in their individual capacities only: (1) "deprivation of the intangible right of honest services under 18 U.S.C. § 1346;" (2) "violation of state law arising under 18 U.S.C. § 371;" (3) "deprivation of rights under color of law 18 U.S.C. § 242;" (4) "deprivation of constitutional rights 42. U.S.C. § 1983;" and (5) "fraud/intentional misrepresentation."  (Id. (citations cleaned up).)  Plaintiff requests the production of his

requested records or $2.5 million in damages.[1]   (Id. ¶ 31.)

Defendants move to dismiss all counts.

### III.

### A.

A plaintiff must affirmatively allege facts that, taken as true, show the existence of federal subject matter jurisdiction. Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction exists if the cause of action arises from the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

A district court lacks subject matter jurisdiction, however, "where the alleged claim under the Constitution...is wholly

---

[1] This is Crossdale's second-filed action arising from his public records requests and defendants' responses to those requests.  See Crossdale v Swain, No. 2:20-cv-00805-JLB-MRM (M.D. Fla. filed Oct. 13, 2020).  Crossdale voluntarily dismissed the first action without prejudice on January 26, 2021.  The Court may take judicial notice of Crossdale's first-filed action.  Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010).

insubstantial and frivolous." Fountain v. Metro. Atlanta Rapid Transit Auth., 678 F.2d 1038, 1042 (11th Cir. 1982) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "This exception applies when the federal claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Yeh Ho v. Sabocik, 775 Fed. App'x 551, 553 (11th Cir. 2019) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)).

**B.**

In Counts I, II, and III, Crossdale attempts to allege a federal question by bringing claims pursuant to three federal criminal statutes: 18 U.S.C. § 1346, 18 U.S.C. § 371, and 18 U.S.C. § 242. However, "these sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies." Thibeaux v. U.S. Atty. Gen., 275 F. App'x 889, 893 (11th Cir. 2008) (citing Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960)); see also Durso v. Summer Brook Pres. Homeowners Ass'n, 641 F. Supp. 2d 1256, 1267 (M.D. Fla. 2008). Thus, these federal criminal statutes cannot serve as the basis for Crossdale's civil claims. The allegations of Counts I, II, and III are so insubstantial and frivolous that the counts are completely devoid of any federal controversy which could serve as the basis for subject matter jurisdiction.

In Count IV, Crossdale asserts a claim under 42 U.S.C. § 1983. To state a claim for a violation of § 1983, a plaintiff must allege: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). The Complaint fails to allege, cite, or otherwise suggest that Crossdale was deprived of any rights secured under the United States Constitution or federal law. (See Doc. #1, ¶¶ 25-27.) The allegations of Count IV are so insubstantial and frivolous that Count IV fails to state a federal controversy which could serve as the basis for subject matter jurisdiction.

Liberally construing the complaint, Counts I, II, III, and IV concern alleged violations of Crossdale's rights secured under the Florida Constitution and Florida state law, not federal law. Crossdale cites Fla. Const. art. I, § 24 and Fla. Stat. § 119, which concern public records access. (See e.g., Doc. #1 ¶¶ 18, 20-21, 24, 27.) A "violation of Florida's public records law" does "not give rise to a claim that is cognizable in federal court." Garrette v. Fed. Bureau of Investigation, No. 8:19-MC-44-T-36CPT, 2019 WL 2271116, at *3 (M.D. Fla. Apr. 16, 2019), report and recommendation adopted, No. 8:19-MC-44-T-36CPT, 2019 WL 2269879 (M.D. Fla. May 28, 2019); Merritt v. Florida Parole Comm'm, 2009 WL 4403323, at *5 (N.D. Fla. Dec. 1, 2009) ("To the degree

[p]laintiff alleges his claim should go forward based on not being provided records pursuant to a state law public records request ... that is a state law claim").

Crossdale's reliance on Ex parte Young, 209 U.S. 123 (1908), is also misplaced.  (See generally, Doc. #16.)  Ex parte Young is not an independent basis for federal jurisdiction.  "Under the doctrine of Ex parte Young, there is a long and well-recognized exception to [Eleventh Amendment immunity] for suits against state officers seeking prospective equitable relief to end continuing violations of federal law."  Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1219 (11th Cir. 2000) (citations omitted).  "Ex parte Young applies only when state officials are sued for prospective relief in their official capacity."  Wyttenbach v. Fla., No. 215CV318FTM29MRM, 2017 WL 1386648, at *4 (M.D. Fla. Apr. 18, 2017).  As discussed, Crossdale fails to allege a violation of federal law.  He also continuously maintains he is not asserting official capacity claims, but "personal capacity" claims for money damages.  (Doc. #16, pp. 3-4.)  Ex parte Young is inapplicable.

In sum, the allegations of Counts I through IV are devoid of any federal controversy.  Counts I, II, III, and IV are dismissed without prejudice for lack of subject matter jurisdiction and for failure to state a claim.

**IV.**

Count V asserts a state law claim for fraud or intentional misrepresentation.  The allegations in the Complaint do not allege a complete diversity of citizenship because all parties are Florida citizens.   Pursuant to 28 U.S.C. § 1367(c)(3), the Court will exercise its discretion and decline to exercise supplemental jurisdiction over Count V and any other state law claims, including Counts I through IV to the extent these claims may allege a violation of Florida's public records laws.  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. #5) is **GRANTED**. Counts I, II, III, and IV are dismissed without prejudice for lack of subject matter jurisdiction and failure to state a claim.  Count V is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

2. The Clerk shall enter judgment, terminate all deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Plaintiff (address on file)

11